**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Charlotte Division**

| | |
|---|---|
| IN RE:<br><br>GARLOCK SEALING TECHNOLOGIES LLC,[1] et al.<br><br>Debtors. | Case No. 10-BK-31607<br><br>Chapter 11<br><br>Jointly Administered |
| GARLOCK SEALING TECHNOLOGIES LLC and GARRISON LITIGATION MANAGEMENT GROUP, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>TROY D. CHANDLER AND WILLIAMS KHERKHER HART BOUNDAS, LLP,<br><br>Defendants,<br><br>and<br><br>OFFICIAL COMMITTEE OF ASBESTOS PERSONAL INJURY CLAIMANTS,<br><br>Intervenor-Defendants. | Adversary Proceeding No. 12-AP-03137 |

**MOTION FOR STAY OF ALL PROCEEDINGS PENDING APPROVAL AND CONSUMMATION OF SETTLEMENT IN CONNECTION WITH CONSENSUAL PLAN**

Plaintiffs Garlock Sealing Technologies LLC and Garrison Litigation Management Group, Ltd. ("**Garlock**"), jointly with Defendants (the "**Defendants**") in this adversary

[1] The three debtors in these jointly administered cases are Garlock Sealing Technologies LLC; Garrison Litigation Management Group, Ltd.; and The Anchor Packing Company.

proceeding (the "**Action**"), hereby file this motion (the "**Motion**") to stay all proceedings in the Action pending confirmation of a consensual plan of reorganization in Garlock's bankruptcy case, pursuant to which all claims in the Action will be settled.

1. On March 17, 2016, Garlock reached agreement with representatives for all current and future asbestos claimants on the principal terms of a consensual plan of reorganization that will resolve its nearly six-year-old bankruptcy case (the "**Consensual Plan**"). The term sheet and over 100 pages of heavily negotiated related documents are attached hereto as **Exhibit A** (together, the "**Term Sheet**"). The Term Sheet was negotiated by the debtors in Garlock's bankruptcy case, Garlock's parent Coltec Industries Inc ("**Coltec**") and ultimate parent EnPro Industries, Inc., the Official Committee of Asbestos Personal Injury Claimants (the "**Committee**") in Garlock's bankruptcy case, the representative for future asbestos claimants in Garlock's bankruptcy case (the "**FCR**," Mr. Joseph W. Grier, III), and representatives for current and future asbestos claimants against Coltec.

2. Under the Consensual Plan, Garlock and Coltec will fund a trust that will assume sole responsibility for paying all current and future asbestos claims against Garlock and Coltec. In exchange for this funding, the Plan will provide for injunctions that will prohibit all current and future asbestos claimants from pursuing their claims against Garlock, Coltec, their affiliates, and certain other protected parties. The Plan will thus permanently resolve all current and future asbestos claims against Garlock and Coltec. Garlock believes confirmation of the Consensual Plan is highly likely, because it enjoys the support of all relevant constituencies, including the Committee, the law firms that represent claimants on the Committee, the FCR, and representatives for Coltec asbestos claimants.

3. In addition and in connection with the Consensual Plan, the Term Sheet provides for settlement of the Action, contingent upon a final order confirming the Consensual Plan. Pursuant to the Plan, the Action will be dismissed with prejudice, upon exchange of agreements that include broad mutual releases by and mutual non-disparagement of Garlock and Defendants of each other and other related persons, and mutual waivers of costs and attorneys' fees. Dismissal of the Action on these terms is a provision of the Term Sheet for the Consensual Plan negotiated by the Debtors and the Committee; as acknowledged in the Term Sheet, the settlement of the Action was necessary in order for the Consensual Plan to be confirmed and succeed, and the settlement of the Action will not occur unless and until the Consensual Plan is confirmed.

4. But consummation of the Consensual Plan-related settlement and dismissal of the Action cannot take place immediately. In the first place, the settlement must be approved by this Court under Federal Rule of Bankruptcy Procedure 9019, which provides, "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." This approval will take place in the context of confirming the Consensual Plan. Furthermore, the Action will not be settled and dismissed, even once approved by the Court, until final confirmation of the Plan, because the settlements are contingent upon such confirmation.

5. Garlock does not expect confirmation of the Consensual Plan and thus approval of the settlements of the Action to occur for more than one year because the parties to the Term Sheet must undertake numerous necessary steps, including:

a. Preparation and filing of Consensual Plan documents implementing the Term Sheet;

b. Approval by the Court of a disclosure statement and procedures for soliciting acceptance by thousands of individual asbestos claimants, at least 75 percent of whom must accept the Plan under Bankruptcy Code Section 524(g);

c. A months-long process of notifying and soliciting individual asbestos claimants;

d. A bankruptcy filing for Coltec, necessary to implement the agreements embodied in the Term Sheet; and

e. A hearing to confirm the Consensual Plan, including approval of the settlement of the Action.

6. During this period pending consideration of the Consensual Plan, further litigation of the Action proposed to be settled would be wasteful, unnecessary, and expensive for all parties concerned. Accordingly, Garlock agreed in the Term Sheet, jointly with Defendants, to move this Court to stay all proceedings in the Action pending entry of final orders confirming the Consensual Plan and dismissing the Action. As the Term Sheet acknowledges, in the unlikely event that (a) a condition to confirmation of the Consensual Plan fails to occur and is not waived, (b) the Court declines to confirm the Consensual Plan, or (c) confirmation of the Consensual Plan is overturned on appeal, the stay will be lifted and the parties will be restored to the status quo as it existed before the stay took effect.

7. To implement the stay of litigation contemplated by the Term Sheet, Garlock and the Defendants have filed this Motion and respectfully request that the Court enter a stay of all litigation in the Action.[2]

---

[2] Similar motions have been filed, and stays have been entered, in four other adversary proceedings related to the Garlock bankruptcy case, each of which is pending in the district court:

- *Garlock Sealing Technologies LLC, et al. v. Belluck & Fox, LLP, et al.*, No. 14-cv-00118-GCM-DSC (W.D.N.C.)
- *Garlock Sealing Technologies LLC, et al. v. Waters & Kraus, LLP, et al.*, No. 14-cv-00130-GCM-DSC (W.D.N.C.)

**Argument**

8. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (Cardozo, J.); *see also Pressley v. Bird Brain, Inc.*, 2014 WL 793137, at *1 (W.D.N.C. 2014) ("District Courts have the inherent power to stay proceedings," and quoting *Landis*). The party seeking a stay must "justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Pressley*, 2014 WL 793137, at *1.

9. Here, a stay is being requested by all current parties, is in the interest of all current parties, and will cause no harm to anyone. Garlock and Defendants have agreed to settle the Action in connection with the Consensual Plan and on the terms set forth in the Term Sheet, which, upon occurrence of the conditions, will ultimately result in dismissal of the Action. There will be no need for further litigation except in the unlikely event the settlements are not approved or the Plan is not confirmed. Pending the determinations required by the Court, it is appropriate for stays to be entered in these adversary proceedings, to prevent wasteful and burdensome litigation. *See In re Homesteads Cmty. at Newtown, LLC*, No. 04-30417 LMW, 2012 WL 6811090, at *3 (Bankr. D. Conn. Aug. 21, 2012) (granting stay of adversary proceeding pending

- *Garlock Sealing Technologies LLC, et al. v. Simon Greenstone Panatier Bartlett, APLC, et al.*, No. 14-cv-00116-GCM-DSC (W.D.N.C.)
- *Garlock Sealing Technologies LLC, et al. v. Shein Law Center, Ltd., et al.*, No. 14-cv-00137-GCM-DSC (W.D.N.C.)

approval of settlement under Bankruptcy Rule 9019). No party has an interest in further litigating while approval of the settlement and Consensual Plan is being sought, a stay of litigation will prejudice no party, and further litigation during this period would simply cause unnecessary burden and expense. *See also Burney v. N. Am. Rockwell Corp.*, 302 F. Supp. 86, 94 (C.D. Cal. 1969) (staying discrimination litigation pending efforts at voluntary conciliation before EEOC); *Pressley*, 2014 WL 793137, at *1 (staying proceedings pending resolution of relevant issue in a related case); *Johnson v. Duke Energy Ret. Cash Balance Plan*, 2013 WL 5462383, at *3 (M.D.N.C. 2013) (staying ERISA case and class action consideration pending exhaustion of plaintiff's administrative remedies).

10. A stay under these circumstances will also serve the federal policy favoring settlement of disputes. *See Asahi Glass Co., Ltd. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 991 (N.D. Ill. 2003) ("The general policy of the law is to favor the settlement of litigation . . . ."). The Action has been provisionally settled in connection with the Consensual Plan, subject to the other terms of the Term Sheet. A stay of litigation will permit the parties to focus on obtaining approval of the Consensual Plan and the settlement embodied therein, rather than continuing litigation to no purpose. Moreover, Garlock has agreed to settle the Action as part of a larger agreement embodied in the Term Sheet that will ultimately resolve Garlock's bankruptcy case and all related litigation. A stay of litigation in this Action pending final confirmation of the Consensual Plan, as contemplated by the Term Sheet, will promote the overall resolution of a bankruptcy case that has been pending for almost six years, and which will itself resolve asbestos litigation against Garlock that has taken place over decades.

11. For all of these reasons, Garlock and Defendants respectfully request that proceedings in the Action be stayed pending consideration of the Consensual Plan by the Court.

This 31st day of March, 2016.

/s/ Ty E. Shaffer
D. Blaine Sanders
N.C. Bar No. 12541
Ty E. Shaffer
N.C. Bar No. 38495

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
bsanders@robinsonbradshaw.com
tshaffter@robinsonbradshaw.com

*Counsel to Plaintiffs*

/s/ Sara W. Higgins
Sara W. Higgins
N.C. Bar No. 22111

HIGGINS & OWENS, PLLC
5925 Carnegie Blvd., Suite 530
Charlotte, NC 28209
Phone: (704) 366-4607
Fax: (704) 749-9451
shiggins@higginsowens.com

*Counsel to Defendants*

/s/ Trevor W. Swett III
Trevor W. Swett III
*Admitted Pro Hac Vice*

CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W.
Washington, DC 20005
Telephone: (202) 862-5000
tswett@capdale.com

*Co-Counsel for the Official Committee of Asbestos Personal Injury Claimants*

**CERTIFICATE OF SERVICE**

The undersigned attorney for Plaintiffs certifies that a copy of the foregoing has been served on the following attorneys for the parties in this action by electronic service through the CM/ECF system:

Sara W. Higgins (shiggins@higginsowens.com)
Trevor W. Swett III (tswett@capdale.com)

This 31st day of March, 2016.

*/s/ Ty E. Shaffer*
Ty E. Shaffer